CAZ HASHEMI, State Bar No. 210239
BENJAMIN M. CROSSON, State Bar No. 247560
DORU GAVRIL, State Bar No. 282309
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: chashemi@wsgr.com
       bcrosson@wsgr.com
       dgavril@wsgr.com

*Attorneys for Defendants Tintri, Inc., Ken Klein, Ian Halifax, John Bolger, Charles Giancarlo, Adam Grossler, Kieran Harty, Harvey Jones, Christopher Schaepe, Peter Sonsini*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURENCE CLAYTON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TINTRI, INC, KEN KLEIN, IAN HALIFAX, JOHN BOLGER, CHARLES GIANCARLO, ADAM GROSSLER, KIERAN HARTY, HARVEY JONES, CHRISTOPHER SCHAEPE, PETER SONSINI, NEW ENTERPRISE ASSOCIATES 12, LIMITED PARTNERSHIP, NEA PARTNERS 12, LIMITED PARTNERSHIP, NEA 12 GP, LLC, SILVER LAKE KRAFTWERK FUND, L.P., SILVER LAKE GROUP, L.L.C., SILVER LAKE TECHNOLOGY ASSOCIATES KRAFTWERK L.P., MORGAN STANLEY & CO. LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, KEYBANC CAPITAL MARKETS, INC., CREDIT SUISSE SECURITIES (USA) LLC, NEEDHAM & COMPANY, LLC, PIPER JAFFRAY & CO, RAYMOND JAMES & ASSOCIATES, INC., WILLIAM BLAIR & COMPANY, L.L.C., and DOES 1-25, inclusive,<br><br>Defendants. | Case No.  17-5683<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION** |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. §§ 77p(c) and 77v(a), defendants Tintri, Inc. ("Tintri"), Ken Klein, Ian Halifax, John Bolger, Charles Giancarlo, Adam Grossler, Kieran Harty, Harvey Jones, Christopher Schaepe, and Peter Sonsini (collectively, the "Tintri Defendants") hereby remove to this Court the state court action described below.

## BACKGROUND

1. On September 20, 2017, Plaintiff Laurence Clayton filed this civil action in the Superior Court of California, County of San Mateo, captioned *Laurence Clayton v. Tintri, Inc., et al.*, Case No. 17CIV04312 (the "State Court Action"). On or about September 27, 2017, the Tintri Defendants and their counsel became aware of and obtained a copy of the Complaint. A copy of the Complaint and the related Civil Cover Sheet is attached as Exhibit A.

2. The Tintri Defendants have not pled, answered, or otherwise appeared in the State Court Action.

## PROCEDURAL REQUIREMENTS AND JURISDICTION

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days of receipt by the Tintri Defendants of a copy of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(d), the Tintri Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of the State of California, County of San Mateo.

5. Defendants New Enterprise Associates 12, Limited Partnership, NEA Partners 12, Limited Partnership, NEA 12 GP, LLC, Silver Lake Kraftwerk Fund, L.P., Silver Lake Group, L.L.C., Silver Lake Technology Associates Kraftwerk L.P., Morgan Stanley & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, KeyBanc Capital Markets, Inc., Credit Suisse Securities (USA) LLC, Needham & Company, LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., and William Blair & Company, L.L.C.., have indicated their consent to the removal of this action. 28 U.S.C. § 1446(b)(2).

6. The Complaint alleges claims that arise solely under Sections 11, 12(a)(2) and 15 of the federal Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77*o*. Complaint ("Compl.") ¶ 2. Accordingly, this Court has original federal subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because a claim under the federal Securities Act of 1933 "aris[es] under the Constitution, laws, or treaties of the United States."

## GROUNDS FOR REMOVAL

7. There are two separate grounds for removal of this action to this Court: 28 U.S.C. § 1441(a) and 15 U.S.C. § 77p(c).

### First Ground for Removal: 28 U.S.C. § 1441(a)

8. First, 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of California, County of San Mateo, is located within this District. Accordingly, venue in this Court is proper under 28 U.S.C. § 1441(a).

9. Because this Court has original jurisdiction over lawsuits filed under the federal Securities Act pursuant to 28 U.S.C. § 1331, *supra* ¶ 6, this action is removable under 28 U.S.C. § 1441(a).

### Second Ground for Removal: 15 U.S.C. § 77p(c)

10. Second, Section 16(c) of the Securities Act, 15 U.S.C. § 77p(c), provides an independent and alternative ground for removal of this action:

> Any *covered class action* brought in any State court involving a *covered security*, as set forth in subsection (b), *shall be removable* to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added). As discussed below, the present action is a covered class action involving a covered security.

11. Section 16 defines as "covered class action" as follows:

> [A]ny single lawsuit in which . . . damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over

any questions affecting only individual persons or members; or . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

15 U.S.C. § 77p(f)(2)(A)(i).

12. This case meets this definition of "covered class action" under Section 16 of the Securities Act. Plaintiff seeks to recover damages on his own behalf and that of others similarly situated in the proposed class and "believes that there are hundreds of members in the proposed Class." Compl. ¶ 39. Second, Plaintiff asserts that "[c]ommon questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class." *Id.* ¶ 42.

13. The Securities Act defines a "covered security" as follows: "A security is a covered security if such security is . . . listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities) . . . ." 15 U.S.C. § 77r(b)(1). Here, the common shares of Tintri at issue in this lawsuit are "covered securities" because they are traded on NASDAQ, a national securities exchange.

14. The removability of Securities Act claims initially filed in state court is currently before the United States Supreme Court, in its October 2017 term. *See Cyan, Inc. v. Beaver County Employees Retirement Fund ("Cyan")*, No. 15-1439, 2017 WL 2742854 (granting certiorari on June 27, 2017).

15. On May 23, 2016, the Acting Solicitor General of the United States filed a brief with the United States Supreme Court (the "Solicitor General's Brief") in support of certiorari in *Cyan*. Brief for the United States as Amicus Curiae, *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15-1439, 2017 WL 2333893 (U.S. May 23, 2017). In particular, the Solicitor General's Brief supports removability of this action, noting that Section 16(c) of the Securities Act, *see supra* ¶ 9, "is properly construed to allow removal of state-court suits" alleging claims like those asserted in this case. Solicitor General's Brief, 2017 WL 2333893, at *13. The Solicitor General further stated that "Section 77p(c) Authorizes Removal To Federal Court of Covered Class Actions That Are Brought Under The 1933 Act And Allege The Types of Misconduct That Are Described In Section 77p(b)." *Id.*

16. This is one of the actions identified as removable in the Solicitor General's Brief. As discussed above, this case is a covered class action. *Supra* ¶¶ 10-11. It is brought under the Securities Act of 1933. Compl. ¶ 2. It alleges "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," which is one of the "[t]ypes [o]f [m]isconduct [t]hat [a]re [d]escribed in [s]ection 77p(b)." Solicitor General's Brief, 2017 WL 2333893, at *13-14; 15 U.S.C. § 77p(b); Compl. ¶ 29. Therefore, Congress authorized "removal under Section 77p(c)." Solicitor General's Brief, 2017 WL 2333893, at *14.

### THERE ARE NO IMPEDIMENTS TO REMOVAL

17. Removal of this action is not barred by the Securities Act's anti-removal provision. Section 22(a) of the Securities Act states that:

> *Except as provided in [Section 16(c)] of this title*, no case arising under [the Securities Act] and brought in any State court of *competent jurisdiction* shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added). This anti-removal provision is not applicable to this action, for two reasons.

### This Action Is Exempt from the Anti-Removal Provision

18. First, the anti-removal provision explicitly states that it does not apply to the removal of actions "as provided in [Section 16(c)]." 15 U.S.C. § 77v(a). As discussed above, and in greater detail in the Solicitor General's Brief, Section 16 explicitly authorizes the removal of this action. *See supra* ¶¶ 9-15. The Solicitor General's Brief explains that construing Section 16(c) as authorizing removal of Securities Act covered class actions "is more faithful to SLUSA's overall structure and purpose than is an interpretation that limits removal to state-law claims." Solicitor General's Brief, 2017 WL 2333893, at *16-17. SLUSA is the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227, which amended the Securities Act to add, *inter alia*, Sections 16(b) and 16(c).

**The Anti-Removal Provision Does Not Apply
because the State Court Lacks Jurisdiction**

19. Second, the anti-removal provision does not apply to an action that was not filed in a "court of competent jurisdiction[.]" 15 U.S.C. § 77v(a). There are two reasons why state courts lack jurisdiction over this action.

<u>Congress Divested State Courts of Jurisdiction</u>

20. First, Congress divested state courts of jurisdiction over cases such as this one. In 1998, Congress adopted SLUSA, as discussed above. *Supra* ¶ 18.

21. SLUSA amended Section 22(a) of the Securities Act, the same section that includes the anti-removal provision, and modified the jurisdictional provision for claims brought pursuant to that Act, as follows:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under [the Securities Act] and, concurrent with State and Territorial courts, *except as provided in [Section 16] with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act].

15 U.S.C. § 77v(a) (language added by SLUSA in italics).

22. A number of District Courts have explained that, under this jurisdictional provision, state courts are granted concurrent jurisdiction over claims arising under the Securities Act only to the extent they are not "covered class actions," as defined in Section 16 of the Securities Act. Because this case is a "covered class action" as defined in Section 16 of the Securities Act, *see supra* ¶¶ 10-11, the state court accordingly lacks jurisdiction over this action. *See, e.g.*, *Hung v. iDreamSky Tech. Ltd.*, 2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25, 2016); *Iron Workers Dist. Council of New Eng. Pension Fund v. MoneyGram Int'l, Inc.*, 204 F. Supp. 3d 784 (D. Del. 2016); *Gaynor v. Miller*, 205 F. Supp. 3d 935 (E.D. Tenn. 2016); *Schwartz v. Concordia Int'l Corp.*, 2017 U.S. Dist. LEXIS 89868 (E.D.N.Y. June 9, 2017).

<u>Tintri Has Adopted an Exclusive Federal Forum Provision</u>

23. The state court also lacks jurisdiction over this action for a second reason. Tintri's Bylaws provide that federal courts are the exclusive forum for the cause of action here asserted. The Bylaws were in effect at the time of Tintri's initial public offering on June 30,

1  2017, which gives rise to Plaintiff's claims in this action.  Compl. ¶ 1.  The Bylaws were
2  publicly filed with the United States Securities and Exchange Commission, prior to the offering,
3  on June 1, 2017, as Exhibit 3.4 to the Form S-1/A that Tintri filed on the same date.

4       24.     Article VIII of Tintri's Bylaws provides as follows:

> Unless the Corporation consents in writing to the selection of an alternative forum, the federal district courts of the United States of America shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act of 1933, as amended, or any successor thereto. Any person or entity purchasing or otherwise acquiring any interest in any security of the Corporation shall be deemed to have notice of and consented to the provisions of this Article VIII.

9       25.     As already discussed, the present action asserts causes of action under the
10 Securities Act of 1933.  Compl. ¶¶ 1-2.  Because the Company has not consented to an
11 alternative forum, pursuant to Article VIII of the Bylaws, the federal district courts are the
12 exclusive forum for the resolution of this action.

13       26.     Tintri is a Delaware corporation and Delaware law governs its internal affairs,
14 including the interpretation and enforcement of its Bylaws.  *See CTS Corp. v. Dynamics Corp. of*
15 *Am.*, 481 U.S. 69, 89 (1987); *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982).  Under Delaware
16 law, Tintri's exclusive federal forum provision is enforceable as a contract between Tintri and its
17 stockholders.  As the Delaware Chancery Court put it: "[B]ylaws, together with the certificate of
18 incorporation and the broader [Delaware General Corporation Law], form part of a flexible
19 *contract between corporations and stockholders*," and stockholders "assent to be bound" when
20 they purchase the corporation's stock.  *Boilermakers Local 154 Retirement Fund v. Chevron*
21 *Corp.*, 73 A.3d 934, 940 (Del. Ch. 2013) (emphasis added); *see also STAAR Surgical Co. v.*
22 *Waggoner*, 588 A.2d 1130, 1136 (Del. 1991) ("[A] corporate charter is both a contract between
23 the State and the corporation, and the corporation and its shareholders."), *abrogated by statute on*
24 *other grounds*, *Nguyen v. View, Inc.*, 2017 Del. Ch. LEXIS 97, at *27 (Del. Ch. June 6, 2017); *In*
25 *re CytRx Corp. Stockholder Deriv. Litig.*, 2015 U.S. Dist. LEXIS 176966, at *13 (C.D. Cal. Oct.
26 30, 2015) ("[T]he CytRx shareholders manifested their consent to the Delaware corporate
27 framework by buying shares and agreeing to the certificate of incorporation . . . .  [C]ontrary to
28 what Plaintiffs would have us believe, mutual consent and notice exist here.").

27. Where, as here, an action is filed in a forum barred by a forum selection clause, such as a state court, dismissal for lack of subject matter jurisdiction is appropriate. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) ("We have affirmed judgments that enforced forum selection clauses by dismissing cases for lack of subject matter jurisdiction under Rule 12(b)(1) . . . ."). Accordingly, the state court lacks jurisdiction over this action.

28. For these reasons, removal of this action is permitted and appropriate under either 28 U.S.C. § 1441(a) or 15 U.S.C. § 77p(c).

Dated: October 3, 2017

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   s/ Caz Hashemi
       Caz Hashemi

*Attorneys for Defendants Tintri, Inc., Ken Klein, Ian Halifax, John Bolger, Charles Giancarlo, Adam Grossler, Kieran Harty, Harvey Jones, Christopher Schaepe, Peter Sonsini*