# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAURENCE CLAYTON,**<br>Plaintiff**,**<br>vs.<br>**TINTRI, INC., ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-05683-YGR |
| **RUSTEM NURLYBAYEV,**<br>Plaintiff**,**<br>vs.<br>**TINTRI, INC., ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-05684-YGR<br><br>**ORDER REMANDING CASES TO STATE COURT** |

On October 3, 2017, defendants Tintri, Inc., *et al*. (collectively "Tintri") removed the above-captioned securities class actions alleging violations of 15 U.S.C. § 77 (the "Securities Act"). (*See Clayton v. Tintri, Inc., et al*, 4:17-cv-05683-YGR ("*Clayton*"), Dkt. No. 1; *Nurlybayev v. Tintri, Inc., et al*, 4:17-cv-05684-YGR ("*Nurlybayev*"), Dkt. No. 1.) Plaintiffs filed timely motions to remand on October 10, 2017. (*Clayton*, Dkt. No. 14; *Nurlybayev*, Dkt. No. 11.)

On October 11, 2017, this Court ordered defendants to show cause as to why the above-captioned cases should not be remanded to the California Superior Court in and for San Mateo County for want of subject-matter jurisdiction. (*See Clayton*, Dkt. No. 17; *Nurlybayev*, Dkt. No. 12.) In this Court's order to show cause, the Court indicated that "[b]ased on the authorities cited in each motion to remand the Court views the motions proper and intends to remand the above-captioned cases to the state court." (*Clayton,* Dkt. No. 17 at 1; *Nurlybayev*, Dkt. No. 12 at 1.) Having carefully considered the pleadings and the papers submitted on the motion to remand, and the parties' responses to the Court's order to show cause, and for the reasons set forth below, the

motions to remand are **GRANTED**.

**I.     LEGAL FRAMEWORK**

A.  Removal Jurisdiction

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court.  *See* 28 U.S.C. § 1441.  A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes are generally construed restrictively, so as to limit removal jurisdiction.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  Typically a "strong presumption" exists against finding removal jurisdiction.  *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).  Doubts as to removability are generally resolved in favor of remanding the case to state court.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

B.  The Securities Act of 1933

"The Securities Act of 1933, which imposes liability for omissions and misstatements in various securities-related communications, provides concurrent jurisdiction in state and federal courts over alleged violations of the Act. " *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033 (9th Cir. 2008). However, Section 77v(a) of the Securities Act "strictly forbids the removal of cases brought in state court and asserting claims under the Act." *Id*. (highlighting "the *specific* bar against removal of cases under the '33 Act" (emphasis in original)).

Pursuant to Section 77v(a), "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  A litany of courts in this district have characterized Section 77v(a) as an "anti-removal provision." *Seafarers Officers & Emps. Pension Plan v. Apigee Corp.*, No. 17-cv-04106-JD, 2017 U.S. Dist. LEXIS 142292, at *4 (N.D. Cal. Sept. 1, 2017); *Elec. Workers Local #357 Pension & Health & Trs. v. Clovis Oncology, Inc.*, 185 F. Supp. 3d 1172,

1178 (N.D. Cal. 2016); *Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-05179-BLF, 2016 U.S. Dist. LEXIS 7444 (N.D. Cal. Jan. 20, 2016); *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp. 3d 917 (N.D. Cal. 2015); *Plymouth Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-04516-WHO, 2015 U.S. Dist. LEXIS 1104 (N.D. Cal. Jan. 5, 2015); *Liu v. Xoom Corp.*, No. 15-cv-00602-LHK, 2015 U.S. Dist. LEXIS 82830 (N.D. Cal. June 25, 2015); *Toth v. Envivo, Inc.*, No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 147569, at *3 (N.D. Cal. Oct. 11, 2013); *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 U.S. Dist. LEXIS 143390 (N.D. Cal. Oct. 21, 2015); *Desmarais v. Johnson*, No. C 13-03666 WHA, 2013 U.S. Dist. LEXIS 153165, at *8-*9 (N.D. Cal. Oct. 22, 2013); *Harper v. Smart Techs Inc.*, No. C 11-5232 SBA, 2012 U.S. Dist. LEXIS 191130, at *13 (N.D. Cal. Sept. 28, 2012).

"The exception in Section 77p(c) states that '[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection [77p](b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).'" *Apigee*, 2017 U.S. Dist. LEXIS 142292, at *1-2 (quoting 15 U.S.C. § 77p(c)). In turn, section 77p(b) "defines a set of cases that Congress determined cannot be brought in any court," namely "covered class action[s] based upon the statutory or common law of any State or subdivision thereof ." *Id.* (quoting 15 U.S.C. § 77p(b)).  The Supreme Court has indicated that removal under section 77p(c) is "limited to those [cases] precluded by the terms of subsection (b)." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 643 (2006).  Put differently, removal is only proper where necessary to "avoid an end-run around the federal securities laws by cases asserting state-law claims." *Apigee*, 2017 U.S. Dist. LEXIS 142292, at *3 (citing *Kircher*, 547 U.S. at 643-44).

**II.  DISCUSSION**

In light of the Ninth Circuit's holding in *Luther* and copious case law in this district, the Court finds that removal is barred under Section 77v(a).  "More than twenty district courts in the Ninth Circuit have addressed this issue and remanded to state court every time." *Apigee*, 2017 U.S. Dist. LEXIS 142292, at *3 (collecting cases). "The Court sees no good reason to reconsider the question or depart from these consistent and considered decisions." *Id*.

3

Defendants rely on two arguments as to why this Court should decline to remand the above-captioned cases at this juncture: First, the "Court should defer ruling on the Remand Motions until the Supreme Court's imminent and dispositive decision in *Cyan*." Second, defendant's bylaws require removal. Defendant does not persuade.

As to the first argument, defendants highlight that the Supreme Court is scheduled to hear argument in a case addressing removal jurisdiction under the Securities Act on November 28, 2017. *See Cyan, Inc. v. Beaver Cty. Empl. Ret. Fund*, No. 15-1439, 2017 WL 2742854 (granting *certiorari*, June 27, 2017). Judge Donato's opinion in *Apigee* is instructive:

> The mere granting of the writ does not displace the well-developed case law on this issue . . . . There is no efficiency penalty imposed by remand, because [defendants] will need to litigate the case in the meantime, whether here or in the Superior Court . . . . One way or another, this case will go forward. Under current law, the proper forum for that is the state court.

Apigee, 2017 U.S. Dist. LEXIS 142292, at *4.

Defendants' second argument, which is that Tintri's bylaws require removal, fails because this argument is premised on defendants' flawed assumption this Court has jurisdiction over the above-captioned cases. For the reasons discussed above, this Court lacks jurisdiction over the above-captioned cases.  Further, defendants cite no authority for the proposition that corporate bylaws can preempt federal securities law.  Accordingly, the Court **GRANTS** plaintiffs' motions to remand the above-captioned cases.

### III. CONCLUSION

For the reasons discussed above, plaintiffs' motions to **REMAND** the above captioned cases to state court are **GRANTED**.

The Clerk of the Court shall remand and close the file.

**IT IS SO ORDERED.**

Dated: October 30, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**